892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell Marlow SCHOCK, Defendant-Appellant.
 No. 88-1465.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.*
Decided Jan. 4, 1990.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrell Schock appeals his conviction upon a guilty plea for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Having found Schock violated the terms of his plea agreement, the district court sentenced Schock to 30 months imprisonment, whereas the agreement had provided that the government would recommend a term of only 18 months. Schock challenges the determination below that he breached his plea agreement, and he argues the court improperly considered hearsay evidence in deciding Schock's motion to enforce the agreement. We affirm.
 
 
 3
 We find no clear error in the district court's findings regarding the terms of the plea agreement, or in the court's determination that Schock breached that agreement. See United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986). The evidence presented at the hearing, including the text of the agreement itself, amply supports the district court's findings that the agreement required Schock to tell the entire truth and that Schock's failure to disclose his involvement in certain marijuana growing and distribution operations constituted a substantial breach of the agreement.
 
 
 4
 A district court's ruling to admit evidence over a hearsay objection is reviewed for abuse of discretion. United States v. Kirk, 844 F.2d 660, 663 (9th Cir.1988). In this case, the government amply met its burden to show breach by a preponderance of the evidence. See United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir.1988). The admission of the contested hearsay evidence, even if error, did not alter the outcome of the hearing and therefore cannot form the basis for a reversal. See United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987) (evidentiary ruling reversed for abuse of discretion only where such nonconstitutional error more likely than not affected the verdict).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a). Accordingly, appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3